Territorial Law Library



FILED
SUPERIOR COURT
OF GUAM

2013 AUG 13 AM 11: 12

COURT

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| RAFEAL ATILANO and MARIA LOURDES ATILANO, <br><br> Plaintiffs, <br><br> vs. <br><br> JULIA H. BRYSON, SEVENTH DAY ADVENTIST CLINIC, and ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. CV1224-11 <br><br> DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS and PLAINTIFFS' MOTION TO STAY PROCEEDINGS AND APPOINT ARBITRATORS |

## *INTRODUCTION*

The above matters came before the Honorable Alberto C. Lamorena, III on November 21, 2011. Attorney Robert L. Keogh represented Plaintiffs, Rafael Atilano and Maria Lourdes Atilano. Attorney Mitchell F. Thompson represented the Defendants Julie H. Bryson, M.D. ("Dr. Bryson"), The General Conference Corporation of the Seventh Day Adventist Church, dba Guam SDA Clinic ("SDA Clinic"), and Zurich American Insurance Company ("Zurich").[1] The parties submitted the matters on the briefs. Having considered the parties' arguments and the applicable law the Court now issues its Decision and Order.

---

[1] Defendants assert that the caption in this matter contains improper names for two of the defendants: Julia H. Bryson and Seventh Day Adventist Clinic, as provided in the caption are, respectively, Julie H. Bryson and The General Conference Corporation of the Seventh Day Adventist Church, dba Guam SDA Clinic. For purposes of clarity and out of respect to the parties, this Court notes the discrepancy and, when referencing the defendants individually, will refer to them as Dr. Bryson and SDA Clinic.

-1-

## FACTUAL HISTORY

In this medical malpractice action Plaintiffs seek damages for alleged negligent treatment and care by Dr. Bryson and SDA Clinic. In addition, Plaintiffs assert a direct action claim against Zurich, a company providing liability insurance to both Dr. Bryson and SDA Clinic. Between February 24, 2010, and March 9, 2010, Plaintiff Rafael Atilano was a patient at SDA Clinic under the care of Dr. Bryson. Plaintiffs allege that while Mr. Atilano was under Dr. Bryson's care, Dr. Bryson failed to properly diagnose Mr. Atilano's malady, failed to refer him to a proper specialist, failed to order appropriate imaging studies, failed to provide appropriate medical advice, and failed to properly advise Mr. Atilano of his treatment options. Following treatment by Dr. Bryson, Mr. Atilano apparently suffered permanent spinal nerve damage. Plaintiffs claim that Mr. Atilano's injury was caused by the alleged substandard treatment provided by Dr. Bryson and SDA Clinic.

On February 11, 2011, Plaintiffs served a petition and demand for arbitration upon Respondents, Dr. Bryson and SDA Clinic, pursuant to title 10, chapter 10 of the Guam Code, otherwise referred to as Guam's Medical Malpractice Mandatory Arbitration Act ("MMMAA"). 10 G.C.A. § 10100 et. seq. On March 4, 2011, Plaintiffs filed an amended petition and demand for arbitration in which Plaintiffs added Defendant Zurich as a respondent. On August 8, 2011, Plaintiffs filed their Complaint in Superior Court naming Dr. Bryson, SDA Clinic, and Zurich as defendants. Thereafter, Plaintiffs filed a motion with this Court to appoint an arbitrator and stay the court proceedings. Zurich then filed a motion to dismiss the Complaint. In the following discussion, this Court addresses each motion in turn, beginning with the motion to dismiss, followed by discussion of the motion for appointment of arbitrators, and ending with the motion to stay the court action.

## DISCUSSION

### I.     The Motion to Dismiss

Rule 8(a) of the Guam Rules of Civil Procedure provides that a pleading setting forth a claim for relief must contain "a short and plain statement of the of the claim showing that the pleader is entitled to relief . . . ." Under Rule 12(b)(6), dismissal is appropriate where the

-2-

Complaint fails to state a claim upon which relief can be granted.[2] Dismissal of the complaint or any claim therein "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Although the complaint need not contain detailed factual allegations, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Where a court grants a motion to dismiss, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.1992) (quoting Schreiber Distrib. Co. v. ServWell Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986)).

Under Guam law a plaintiff who wishes to file a claim for injuries based on alleged medical malpractice must commence the claim "with[in] [sic] one (1) year from the date when the injury is first discovered; provided, that such action shall be commenced within three (3) years from the date of treatment, omission or operation upon which the action is based." 7 G.C.A. § 11308. Plaintiffs' Complaint generally alleges that Mr. Atilano first underwent treatment by Dr. Bryson and SDA Clinic on February 24, 2010 and that his treatment ended on March 9, 2010. The Complaint states that the earliest possible date of discovery of Mr. Atilano's injury was February 24, 2010; however, the Complaint does not provide a date on which the injury was actually discovered.

Defendant Zurich argues that dismissal is appropriate in this case because Plaintiffs failed to plead any facts in their Complaint to justify the tolling of the one-year statute of limitations

---

[2] Under Rule 12(b)(6), if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." GRCP 12(b)(6). In the present case, though the parties have presented some evidence outside the pleadings, this Court rejects consideration of any matters outside the pleading and decides the present motion based solely on the sufficiency of the pleadings and the law applicable thereto.

and that the Complaint – filed nearly one and a half years after the date treatment – is time-barred on its face.

Plaintiffs offer three arguments supporting their contention that the Complaint is timely. First, Plaintiffs suggest that the statute of limitations does not begin to run until the date the Plaintiffs discovered the injury and that this specific date of discovery is a question of fact; therefore, the Complaint cannot be found to be untimely on a motion to dismiss. Second, Plaintiffs contend that the timely filing of their demand for arbitration on February 11, 2011, tolled the statute of limitations for filing of the complaint. Third, Plaintiffs suggest that the file date for the Complaint relates back to the date on which the demand for arbitration was filed. This Court is not persuaded by Plaintiffs' arguments and finds that dismissal of the Complaint is appropriate.

*a. The Complaint is Untimely On its Face*

The first issue before this Court is whether Plaintiffs' Complaint, which was filed more than one year after the last date of treatment, is barred by the one-year limitations period under title 7, section 11308 of the Guam Code.

A statute of limitations bar may be resolved on a Rule 12(b)(6) motion. See Amsden v. Yamon, 1999 Guam 14; Dummar v. Lummis, 543 F.3d 614, 619 (10th Cir.2008); Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir.1980). Where a plaintiff's complaint, on its face, would be time barred without the benefit of tolling or some other justification for delay the plaintiff must affirmatively plead facts that support tolling of the limitations period. See Amsden v. Yamon, 1999 Guam 14 ¶¶ 13-15; Bourland v. Salas, 1986 WL 68918 (D. Guam App. Div. Oct. 24, 1986); Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808, 110 P.3d 914, 920-21 (2005); McKelvey v. Boeing North American, Inc., 74 Cal.App.4th 151, 160, 86 Cal.Rptr.2d 645 (1999); De Vault v. Logan, 223 Cal.App.2d 802, 809, 36 Cal.Rptr. 145, 149 (1963).

In Amsden v. Yamon, 1999 Guam 14, Amsden filed a complaint two years and five days after the date of the vehicular accident giving rise to Amsden's claim, despite the fact that the claim was subject to a two-year statute of limitations. The complaint failed to allege any facts

justifying the delayed filing, such as an allegation and details suggesting that the limitations period had been tolled. Nevertheless, faced with a motion for summary judgment, Amsden argued that the limitations period *had* been tolled by a Guam statute allowing tolling when a defendant is off island at the time the action accrues. 1995 Guam 14 ¶¶ 10-11; 7 G.C.A. § 11403. The trial court rejected the argument and entered summary judgment against Amsden based in part on the fact that Amsden's complaint failed to include any tolling-related facts. On appeal, the Supreme Court of Guam affirmed the lower court's decision, holding that a plaintiff must plead specific facts showing that the relevant tolling statute is applicable. Id. ¶¶ 1, 15-16. In reaching this determination the Court relied on Ponderosa Homes Inc. v. City of Ramon, in which the California Supreme Court held that "[w]hen a complaint shows on its face or on the basis of judicially noticeable facts that the cause of action is barred by the applicable statute of limitations, the plaintiff must plead facts which show an excuse, tolling, or for [sic] some other basis for avoiding the statutory bar." Amsden, 1999 Guam 14 ¶ 12 (quoting City of Ramon, 23 Cal.App.4th 1761, 1768, 29 Cal. Rptr. 2d 26, 29 (1994)).

In Fox v. Ethicon Endo-Surgery, Inc., 27 Cal.Rptr.3d 661, 35 Cal.4th 797 (2005), the California Supreme Court again affirmed the premise that a plaintiff must plead specific tolling facts within the complaint. In Fox, the plaintiff underwent gastric bypass surgery and later suffered injuries due to a perforation of a stapled enclosure at the plaintiff's small intestine. The plaintiff filed a complaint against the doctor within the prescribed limitations period, but later discovered that a stapler used in the procedure may have been defective. Plaintiff amended the complaint to name the manufacturer as a defendant. Although the amendment was filed after expiration of the one-year products liability statute, the amended complaint alleged that the plaintiff could not have, with reasonable diligence, made an earlier discovery that the stapler was a cause of her injury. Fox, 27 Cal.Rptr.3d at 665, 35 Cal.4th 805. The California Supreme Court found this allegation to be insufficient to withstand demurrer and held that the complaint must contain specific facts supporting any claim that the plaintiff could not or should not have discovered earlier that the stapler was a cause of the injury. Fox, 27 Cal.Rptr.3d at 811, 35 Cal.4th at 671.

In the present case, Plaintiffs acknowledge that the Complaint "does not state or establish 'on its face' when discovery of the malpractice occurred." (Pl.'s Opp. to Mot. to Dism., 13) But Plaintiffs argue that discovery is a question of fact that should not be decided on a motion to dismiss. Plaintiff's argument does not comport with the holdings in the above cases which clearly illustrate that when a plaintiff relies on tolling facts to justify the submission of a complaint that does not appear on its face to have been filed within the prescribed statutory time limits, the plaintiff *must* plead those specific facts that support the complaint's timeliness. The Complaint here simply states that the negligent treatment occurred sometime between February 24, 2010, and March 9, 2010, and there is no suggestion that Mr. Atilano's discovery of his injury was delayed or that the filing of the petition and demand for arbitration tolled the limitations period. Plaintiffs' Complaint contains only the barest of facts and these facts fail to support Plaintiffs' contentions here as to tolling of the statute of limitations. Therefore, the Complaint, filed nearly one year and five months after the last date of the alleged negligent treatment, is time barred on its face and may be properly dismissed against all defendants.[3]

### b. A Demand for Arbitration Under the MMMAA Does Not Toll the Statute of Limitations for Filing an Action in Superior Court

Plaintiffs also argue that the filing of the petition and demand for arbitration within the statute of limitations period for a medical malpractice action tolled the statute of limitations with respect to the filing of their Superior Court action. Plaintiffs cite two cases in support of their argument, neither of which this Court finds persuasive. In Luka v. Tri-County Metropolitan Transportation District of Oregon, 244 Or. App. 565, 261 P.3d 44, the Oregon Court of Appeals did, as Plaintiffs assert, recognize that in Oregon the statute of limitations is tolled on an uninsured motorist claim when the claimant formally institutes arbitration proceedings. 244 Or.

---

[3] A court may, *sua sponte*, dismiss an action pursuant to Rule 12(b)(6), provided that the plaintiffs are given an opportunity to file a written opposition. Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981). Here, Plaintiffs filed a thorough written opposition to Zurich's motion in which Zurich argued that the Complaint is time-barred on its face. Having found the Complaint barred by the statute of limitations, this Court is convinced that dismissal is appropriate as to all defendants, despite the fact that only one defendant has moved for dismissal.

App. at 567, 261 P.3d at 45. However, the court needed to look no further than Oregon's uninsured motorist law, which *expressly* provided for tolling under the circumstances presented in that case. Id.; see also OR. REV. STAT. § 742.504(12)(a) (West, Westlaw through 2011 Reg. Session). In the second case cited by Plaintiffs, Troeller v. Klein, 82 A.D.3d 513, 918 N.Y.S.2d 436 (N.Y. Sup. Ct. App. Div. 2011), the New York Supreme Court Appellate Division acknowledged that arbitration may toll a claim, but like in Luka, the court's acknowledgement was based on an applicable statutory provision that *expressly* allowed for tolling. See N.Y. C.P.L.R. § 204 (McKinney). In contrast to Plaintiffs' cited cases, Guam's law governing arbitration of medical malpractice claims contains no explicit tolling provision. Had the legislature intended to allow tolling of claims under the MMMAA it could have included a tolling provision as it did in Guam's chapter governing mediation. See 7 G.C.A. §43107 (tolling all applicable limitation periods upon commencement of mediation proceedings).

This court finds far more persuasive the principle adopted in a number of jurisdictions whereby the statute of limitations for the filing of a complaint is generally not tolled by filing a demand for arbitration. See Grossman v. Garratt & Evans, P.C., 992 F.2d 1216 (6th Cir. 1993); United States ex rel. Wrecking Corp. of Am. v. Edward R. Marden Corp., 406 F.2d 525, 526 (1st Cir. 1969); Shafnacker v. Raymond James & Associates, Inc., 425 Mass. 724 (1997); Nowlin v. Gen. Tel. Co., 310 S.C. 183, 186, 426 S.E.2d 114, 116 (Ct. App. 1992) aff'd, 314 S.C. 352, 444 S.E.2d 508 (1994). In Shafnacker, the Massachusetts Supreme Court held that the statute of limitations on a plaintiff's superior court action is not tolled during the pendency of an arbitration proceeding. 425 Mass. at 728. The Massachusetts court, agreeing with the First Circuit, found that the proper procedure for a litigant to avoid a statute of limitations bar "is to file a complaint in the Superior Court within the time allowed by the statue of limitations and have that action stayed pending the result of the arbitration." Id. at 729; accord Edward R. Marden Corp., 406 F.2d at 526 (stating that the traditional means of avoiding a statute of limitations bar in court action is to file a lawsuit and stay the proceedings pending the results of arbitration); Nowlin, 310 S.C. at186, 426 S.E.2d at 116 (where contractual arbitration provision

did not preclude simultaneous filing of court action with arbitration demand, statute of limitations on complaint filed in state court was not tolled during pendency of arbitration).

The recognized procedure of filing a timely action with the trial court and then requesting a stay of those proceedings appears to conform to the intent of the Guam legislature when it enacted the MMMAA. The MMMAA specifically allows a party to file an action in the Superior Court for any issue referable to arbitration under that act, provided that "upon application of one of the parties [the court] stay all proceedings in the action until such arbitration has been had in accordance with the terms [of the MMMAA]." 10 G.C.A. § 10114. Given the MMMAA's provision allowing for a parallel lawsuit to be filed in Superior Court as well as the absence of any statutory provision specifically providing for tolling of the limitations period during arbitration, this Court rejects Plaintiffs' argument and finds that their demand for arbitration under the MMMAA did not toll the statute of limitations on their Superior Court claims.[4]

Having determined that the arbitration demand did not toll the limitations for the filing of the Complaint in the Superior Court, this Court need not address Plaintiffs' argument that under Rule 15(c) of the Guam Rules of Civil Procedure, the naming of Zurich in Plaintiffs' Complaint somehow relates back to filing of the demand for arbitration.

As it may be possible for Plaintiffs to plead facts establishing delayed discovery of Mr. Atilano's injuries, thereby placing their claims within the prescribed time limitation, this Court dismisses the Complaint without prejudice and grants Plaintiff leave to amend the Complaint, if they so choose.

## II.    The Motion for Appointment of Arbitrators

Although Plaintiffs filed a timely petition and demand for arbitration with the American Arbitration Association ("AAA") on February 11, 2011, the actual arbitration proceeding has not yet begun and no arbitrators have been selected. Although the amount of AAA filing fees are generally subject to a sliding scale based on the petitioner's estimated claim amount, AAA's

---

[4] Petitioner need not file a formal complaint in Superior Court in order to receive a trial de novo. Under the MMMAA, a petitioner who files only for arbitration is still entitled to request an appeal and trial *de novo* upon the conclusion of the arbitration proceedings. See 10 G.C.A. § 10139(a)-(b).

-8-

rules provide that when a petitioner fails to disclose an amount for a claim, the filing fee is $10,200.00. Plaintiffs maintain that the amount of the claim in this case is a question of fact to be determined by the arbitrator and Plaintiffs are resolved not to provide an estimated amount for their claim. As such, AAA is demanding a filing fee of $10,200.00 before it will proceed with arbitration. (Pl.'s Mot. for Appt. of Arbitrators, Exh. A) Plaintiffs assert that they cannot afford to pay the onerous filing fee. Plaintiffs contend that this Court has inherent power to appoint arbitrators and they request that it do so in this case so as to allow the arbitration to proceed in a timely and efficient manner. This Court disagrees that it has the power to appoint arbitrators or, even if it did have such power, that the Court would be justified in exercising that power of appointment in this case.

The MMMAA outlines the specific process that a petitioner must follow in order to initiate and maintain an arbitration proceeding against a health care provider. Title 10, section 10103 requires that the demand for arbitration be filed with the "Association," which is defined by section 10101(a) as "the American Arbitration Association or other entity organized to arbitrate disputes pursuant to this Chapter." 10 G.C.A. §§ 10103, 10101(a). Section 10103 explicitly states that "[t]he demand for arbitration shall not be filed in the Superior Court of Guam, and arbitration shall not be filed in the Superior Court of Guam, unless the petitioner or petitioners require the appointment of a Guardian Ad Litem . . . ." The MMMAA further provides:

> § 10107. Administration of Arbitration
>
> The Association shall administer a proceeding filed under this Chapter. The administrative expense shall be as agreed to by the parties and the Association, *or as may be provided by the Association*. The administrative costs shall be equally shared by the parties subject to an award of costs by the panel as provide in §10130 herein.

10 G.C.A. § 10107 (emphasis added). Finally, section 10110 provides that "the arbitration proceeding shall be subject to rules promulgated by the Association in conformance with this chapter."

Plaintiffs offer no compelling legal authority supporting their argument that a judge of the Superior Court may appoint arbitrators in a proceeding filed under the MMMAA. In Ehrhart

& Associates, Inc. v. Superior Court, 185 Cal. App. 2d 1, 7 Cal. Rptr. 844 (Ct. App. 1960), the one case cited by Plaintiffs, the issue was simply whether the trial court had authority to stay the proceedings pending the outcome of arbitration. The California Court of Appeals held that the court did have such discretion. Id. To the extent Ehrhart & Associates stands for the proposition that a court may stay a lawsuit during the pendency arbitration, this Court agrees and this conclusion is wholly supported by the MMMAA. But this court disagrees with Plaintiffs suggestion that this general principle grants this Court the authority to independently appoint arbitrators in a separate proceeding where such appointment is not authorized by the governing statutes.

In reading the MMMAA, this Court finds no basis upon which it can insert itself into the arbitration proceedings to appoint arbitrators simply because Plaintiffs, who do not wish to state an amount for their arbitration claim under the Association's rules, find the associated fees to be onerous. The statute clearly provides that the Association may set the fees to be paid by the parties. Furthermore, the MMMAA implicitly precludes court involvement with the arbitration proceedings: the only authority granted to the Court by the MMMAA prior to an appeal from a final arbitration decision is the authority to stay a related court action and issue an order directing the parties "to proceed with arbitration *in accordance with the terms of this chapter.*" And the terms chapter 10 clearly dictate that arbitration is to be had in accordance with the procedures and rules established by the Association.[5] While unique circumstances or questions of law may

---

[5] Plaintiffs highlight that under title 10, section 10110, "the arbitration proceeding shall be subject to rules promulgated by the Association in conformance with chapter." Plaintiffs suggest that because the Association has not promulgated any specific rules in accordance with chapter 10, Plaintiffs require assistance from the Court "in providing meaning to the legislative arbitration scheme." This Court merely finds that in the absence of specific rules promulgated by the Association to specifically conform with title 10, chapter 10 of the Guam Code, the general rules of the Association apply, so long as those rules do not conflict with the MMMAA. Cf. Advanced Micro Devices, Inc. v. Intel Corp., 9 Cal. 4th 362, 367, 885 P.2d 994, 996 (1994) (en banc) (holding that in the absence of more specific guidance, the arbitrator is not restricted in fashioning a remedy so long as that remedy bears a rational relationship to the underlying governing document as interpreted by the arbitrator).

warrant limited court involvement in the arbitration proceedings, this Court does not believe such involvement is appropriate under the circumstances presented in this case.

This Court is certainly sympathetic to Plaintiffs concerns and recognizes the burden placed upon Plaintiffs by the hefty filing fee, especially given Plaintiffs' financial circumstances. (Decl. of Rafael C. Atilano, 2). However, this Court finds no legal grounds for granting Plaintiffs' request. Plaintiffs must resolve their issues in accordance with the provisions of the MMMAA and the rules and procedures designated by the Association overseeing the arbitration process.[6]

## III.    The Motion to Stay Proceedings

Given this Court's determination that the Complaint should be dismissed, the motion to stay the proceedings is now moot. If Plaintiffs amend their Complaint so as to plead a timely cause of action against any of the defendants, either party may then request a stay of the proceedings.

### CONCLUSION

Based on the foregoing, Defendant Zurich's motion to dismiss is hereby GRANTED. This Court also dismisses the untimely Complaint against Defendants Dr. Bryson and SDA Clinic. The Complaint is dismissed WITHOUT PREJUDICE and Plaintiffs are granted leave to amend within thirty days of this Decision and Order, if they so choose. In light of the dismissal, the motion to stay the proceedings is moot.

Plaintiffs' motion for appointment of arbitrators is hereby DENIED.

**SO ORDERED** this 13th day of March, 2012.

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

MAR 1 3 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

---

[6] The Declaration submitted by Mr. Atilano did not provide any indication that Plaintiffs have attempted to resolve any hardship barriers to arbitration pursuant to AAA's rules or policies.